UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| THE CLINCH COALITION, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 2:21-cv-0003-JPJ-PMS |
| UNITED STATES FOREST SERVICE, *et al.*, | ) |
| Federal Defendants, | ) MOTION TO COMPEL COMPLETION |
| and | ) OF THE ADMINISTRATIVE RECORD |
| | ) AND STRIKE NONRECORD |
| AMERICAN LOGGERS COUNCIL, *et al.* | ) MATERIAL |
| Intervenor Defendants. | ) |

**MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD AND STRIKE NONRECORD MATERIAL**

Pursuant to Federal Rule of Civil Procedure 7 and Western District of Virginia Civil Rule 11, Plaintiffs The Clinch Coalition, Alliance for the Shenandoah Valley, Chattooga Conservancy, Cherokee Forest Voices, Defenders of Wildlife, Georgia ForestWatch, MountainTrue, Virginia Wilderness Committee, and Wild Virginia, Inc. ("Conservation Groups") move this Court for an order compelling Defendant United States Forest Service to complete the Administrative Record and to strike non-record material. Conservation Groups have conferred with Defendants and Intervenor Defendants; Defendants oppose the Motion.

This action for review of a final agency decision arises under the Administrative Procedure Act ("APA"). 5 U.S.C. § 701 *et seq*. The Court's evaluation of agency decisions under that statute is based on the "whole record." 5 U.S.C. § 706. To satisfy the requirements of the APA, the Court "should have before it neither more nor less information than did the agency

when it made its decisions." *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984). An incomplete administrative record makes it impossible to determine whether the agency "failed to consider an important aspect of the problem [or] offered an explanation for its decision that runs counter to the evidence before the agency"—and thereby acted in violation of the APA. *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

Completion of the record is appropriate where there is "non-speculative, concrete evidence to support [a party's] belief that the specific documents allegedly missing from the administrative record were directly or indirectly considered by the actual decision makers involved in the challenged agency action." *Oceana, Inc. v. Pritzker*, 217 F. Supp. 3d 310, 316 (D.D.C. 2016), *aff'd sub nom. Oceana, Inc. v. Ross*, 920 F.3d 855 (D.C. Cir. 2019). The presumption of regularity afforded agency action is overcome where movants present a "strong, substantial, or prima facie showing that the record is incomplete." *Tafas v. Dudas*, 530 F. Supp. 2d 786, 795 (E.D. Va. 2008) (internal citation omitted). As explained in the accompanying Brief, Conservation Groups have provided substantial, concrete evidence showing that documents considered by the Forest Service have been omitted from the administrative record. These documents must be added to ensure this Court's review of agency action is based on the "whole record" as required under the APA. 5 U.S.C. § 706. Documents considered by the agency but withheld from the administrative record based on the Forest Service's assertion of the deliberative process or other privileges must also be accounted for in a privilege log to provide the Court with a complete picture of the agency's decisionmaking process. *E.g., S.C. Coastal Conservation League*, 431 F. Sup. 3d 719, 725 (D.S.C. 2020).

Documents prepared after the agency's final decision, however, must be excluded from the administrative record. The APA limits a court's review of agency action to the administrative record before the agency *at the time of its decision*. E.g., *Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 284 (D.C. Cir. 1981); *Tripoli Rocketry Ass'n, Inc. v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 437 F.3d 75, 83 (D.C. Cir. 2006). These documents could not have been considered as part of the agency's decisionmaking process, and the agency is forbidden from attempting to buttress its conclusions with post hoc rationalizations. Consequently, Conservation Groups move to strike from the administrative record documents which postdate the agency's final decision.

Conservation Groups respectfully request that the Court grant their Motion as detailed in their accompanying Brief.

Respectfully submitted on this 22nd day of July 2021.

*/s/ Sam Evans*
Sam Evans
N.C. Bar No. 44992
Julie Reynolds-Engel
N.C. Bar No. 54596
J. Patrick Hunter
N.C. Bar No. 44485
SOUTHERN ENVIRONMENTAL LAW CENTER
48 Patton Ave, Suite 304
Asheville, NC 28801-3321
Telephone: 828-258-2023
Facsimile: 828-258-2024
sevans@selcnc.org; jreynolds-engel@selcnc.org; phunter@selcnc.org

Kristin Davis
V.A. Bar No. 85076
Spencer Gall
V.A. Bar No. 95376
SOUTHERN ENVIRONMENTAL LAW CENTER

201 West Main Street, Suite 14  
Charlottesville, VA 22902-5065  
Telephone: 434-977-4090  
Facsimile: 434-977-1483  
kdavis@selcva.org; sgall@selcva.org

## CERTIFCATE OF SERVICE

I certify that on July 22, 2021, I electronically filed the foregoing MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD AND STRIKE NONRECORD MATERIAL with the Court using the CM/ECF system, which will notify all counsel of record.

*/s/ Sam Evans*
Sam Evans
Southern Environmental Law Center
