UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| THE CLINCH COALITION, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Case No. 2:21-cv-0003-JPJ-PMS |
| UNITED STATES FOREST SERVICE, *et al.*, | ) |
| | ) |
| Federal Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| AMERICAN LOGGERS COUNCIL, *et al.* | ) |
| | ) |
| Intervenor Defendants. | ) |
| | ) |

**DECLARATION OF SAMUEL EVANS**

I, SAMUEL EVANS, being of legal age, declare as follows:

1. I am an attorney with the Southern Environmental Law Center representing Plaintiffs in this case.

2. On July 15, 2021, on behalf of Plaintiffs, I submitted by email an informal list of objections to the Administrative Record lodged by the Forest Service to counsel for the Forest Service. Thereafter, counsel exchanged several additional emails relating to Plaintiffs' objections. A true and correct copy of those emails is attached hereto as Exhibit 1.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Executed this 22nd day of July, 2021.

/s/ Samuel Evans
Samuel Evans

Exhibit 1 to Declaration of Samuel Evans

Email Exchange with Counsel

| | |
|---|---|
| **From:** | Sam Evans |
| **Sent:** | Wednesday, July 21, 2021 3:19 PM |
| **To:** | 'Tustin, John (ENRD)' |
| **Cc:** | Julie Reynolds-Engel; Kristin Davis |
| **Subject:** | RE: Clinch Coalition et al v. USFS et al., No. 2:21-cv-00003-JPJ-PMS |

John, with respect to item 3 below, I've now been able to track down the answer to your question. It wasn't particularly easy, because our proposed rule comments are actually in the record as the submission of the Jackson River Preservation Assn, which wasn't an intuitive place to look, and there are a lot of other comments to comb through.

As best we can tell now, it appears that <u>all</u> of the appendices to our comments have been included in the record, but <u>none</u> of the attachments and <u>none</u> of the linked citations are included.

I take from your response below that adding the attachments is not likely to create a problem. However, I realize we may not be able to figure this out for certain until after you're back in the office. If helpful, I can provide our copies of the attachments.

We plan to flag the missing attachments in our motion but indicate that we expect to resolve this particular issue informally with you. Consistent with your response below, we will address the attachments and the links as two separate issues.

**From:** Tustin, John (ENRD) <John.Tustin@usdoj.gov>
**Sent:** Monday, July 19, 2021 2:41 PM
**To:** Sam Evans <sevans@selcnc.org>
**Cc:** Julie Reynolds-Engel <jreynolds-engel@selcnc.org>; Kristin Davis <kdavis@selcva.org>
**Subject:** RE: Clinch Coalition et al v. USFS et al., No. 2:21-cv-00003-JPJ-PMS

See our responses below in red.

**From:** Sam Evans <sevans@selcnc.org>
**Sent:** Thursday, July 15, 2021 4:57 PM
**To:** Tustin, John (ENRD) <John.Tustin@usdoj.gov>
**Cc:** Julie Reynolds-Engel <jreynolds-engel@selcnc.org>; Kristin Davis <kdavis@selcva.org>
**Subject:** Re: Clinch Coalition et al v. USFS et al., No. 2:21-cv-00003-JPJ-PMS

John, pursuant to our scheduling order [Doc. 34], below are Plaintiffs' (informal) objections to the Administrative Record. Given our timeline for briefing, we'll need to hear back fairly soon whether these can be resolved without motions practice, when we can expect to receive an updated record, and whether we may need to extend the schedule to accommodate. <u>Can you get back to us by Monday (7/19)</u>?

1. Documents on which the Forest Service is expressly relying but have not been provided in the record.
    a. Questionnaire responses which are relied on in the supporting statements have not been provided. For CE 25, for example, the agency claims that it received responses for 19 projects (specifically identified in App'x C1) and characterizes the contents of those responses. AR 091612-13. The record appears to contain only one such questionnaire response and one email with a partial response. This problem is not limited to CE25; questionnaire responses appear to be missing for all of the CEs. At minimum, the record should contain all of the questionnaire/survey responses related to CEs 3, 24, and 25. If the agency

believes these responses are in the record, can you tell us where? If they are not in the record, can you tell us why they were excluded?

This is in the AR at 30173 and throughout the record with headings under the description column as "Supporting documents to questionnaire by Region."

    b. Records of the science panel/cadre's input into the process. See AR 091533 ("Additional changes were made in response to a science review team"). The input of the science team is not found in the record.

This is in the AR at AR 090986-AR 091010.

    c. Records of correspondence with CEQ. See AR 091550 ("CEQ appreciates USFS's responsiveness to its comments and recommendations"). Documentation of CEQ's input does not appear in the record.

These intra-agency documents are not included because they are not part of the administrative record. *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019); *see also USFWS v. Sierra Club*, 141 S.Ct. 777, 785-86 (2021).

2. Privilege Log – The record currently provides at least some documents believed by the agency to be deliberative. E.g., AR 091480, 091481-501. We have no objection to the documents that were included, but there is no indication what other documents were withheld as deliberative. Did the agency search for and exclude deliberative documents from the AR?

We are not including deliberative documents in the administrative record and are not providing a privilege log. *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019); *see also USFWS v. Sierra Club*, 141 S.Ct. 777, 785-86 (2021).

3. Materials linked in Conservation Groups' comments on the rulemaking have not been included in the record (although attachments do appear to be included). I notice that "literature cited by the Forest Service is incorporated by reference and available upon request." AR Index. Can you stipulate that the same goes for supporting materials cited in Conservation Groups' comments?

Plaintiffs' comments and attachments are in the record at AR 087041-AR 087259. Did plaintiffs provide copies of their materials as attachments? Or did they merely provide links to the materials in their comments? If plaintiffs provided the materials as attachments and you believe they were inadvertently excluded, please let me know. If plaintiffs merely provided links, that is inconsistent with the Forest Service's general practice to require the public to provide specific written comments. *See* 36 C.F.R. § 218.2, 218.25.

4. Post-decisional documents were improperly included in the record. The rule received final clearance for publication on 11/11/2020. AR 091551. Documents prepared subsequent to the 11th offer new rationales attempting to show that the rule conforms to both the 1978 and 2020 versions of the CEQ NEPA regulations. These documents (AR 091635-666) must be removed from the record.

The rule was published in the Federal Register on November 19, 2020. The documents identified in (4) are pre-decisional and are part of the record.

2

| | |
|---|---|
| **From:** | Tustin, John (ENRD) |
| **To:** | Sam Evans |
| **Cc:** | Julie Reynolds-Engel; Kristin Davis |
| **Subject:** | RE: Clinch Coalition et al v. USFS et al., No. 2:21-cv-00003-JPJ-PMS |
| **Date:** | Tuesday, July 20, 2021 5:41:08 PM |

Yes, we oppose.

**From:** Sam Evans <sevans@selcnc.org>
**Sent:** Tuesday, July 20, 2021 5:34 PM
**To:** Tustin, John (ENRD) <John.Tustin@usdoj.gov>
**Cc:** Julie Reynolds-Engel <jreynolds-engel@selcnc.org>; Kristin Davis <kdavis@selcva.org>
**Subject:** Re: Clinch Coalition et al v. USFS et al., No. 2:21-cv-00003-JPJ-PMS

Thank you for the quick turnaround. At this point, we do intend to file a motion on Thursday regarding the objections we've emailed about (other than the final Supplemental Statement, that is). I think I understand your position from your replies, but shall I represent that you will oppose the motion?

Sent from my iPhone

> On Jul 20, 2021, at 5:04 PM, Tustin, John (ENRD) <john.tustin@usdoj.gov> wrote:
>
> See our responses below in red.
>
> **From:** Sam Evans <sevans@selcnc.org>
> **Sent:** Tuesday, July 20, 2021 11:51 AM
> **To:** Tustin, John (ENRD) <John.Tustin@usdoj.gov>
> **Cc:** Julie Reynolds-Engel <jreynolds-engel@selcnc.org>; Kristin Davis <kdavis@selcva.org>
> **Subject:** Re: Clinch Coalition et al v. USFS et al., No. 2:21-cv-00003-JPJ-PMS
>
> Thank you for getting back to us yesterday, John. One clarifying question and an amendment to our list of objections:
>
> First, the clarifying question. With respect to item 1.b, the document that you've pointed us to doesn't provide any indication how the specialists listed in Appendices A2 (AR 091565), B2 (AR 091569), and C2 (AR 091602) provided input into the development of the CEs. Elsewhere in the record, the Forest Service does indicate that it relied on those specialists' input (AR 030605, 030627, 030650). The Supporting Statement, in particular, relies on the input of the persons listed in the Appendices as "key" experts whose expertise helped to determine what actions should be categorically excluded. If the agency is going to rely on these persons' professional judgment and expertise, then the record must include the substance of their judgment and expertise as applied to

the question at hand. In contrast, AR 090986-091010 is the product of four agency specialists reviewing only "assigned comments." Where in the record can we find the input of the key experts listed in Appendices A2, B2, and C2?

The additional documents you request are not included because they are not part of the administrative record.  *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019); *see also USFWS v. Sierra Club*, 141 S.Ct. 777, 785-86 (2021).

Second, the amendment. The AR does not include the final Supporting Statement for the CEs that was provided to the public with the final rule, which is dated October 23, 2020. Instead, the record contains a draft of that document dated in March 2020 (AR 091247). The final Supporting Statement from October 2020 must be included in the record.

Thank you for pointing this out.  The final statement was inadvertently omitted from the Forest Service's record.  It is attached here and we will supplement the record via ECF with the final statement.

If you're able to track down answers to these issues today before you are out of the office, I would appreciate it.

<AR 093260 - AR 093331.pdf>