# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| THE CLINCH COALITION, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:21CV00003 |
| ) | |
| THE UNITED STATES FOREST ) | OPINION AND ORDER |
| SERVICE, ET AL., ) | |
| ) | JUDGE JAMES P. JONES |
| Federal Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| AMERICAN LOGGERS COUNCIL, ET ) | |
| AL., ) | |
| ) | |
| Intervenor Defendants. ) | |

*Sam Evans, SOUTHERN ENVIRONMENTAL LAW CENTER, Asheville, North Carolina, and Kristin Davis, SOUTHERN ENVIRONMENTAL LAW CENTER, Charlottesville, Virginia, for Plaintiffs; John P. Tustin, Senior Attorney, ENVIRONMENTAL AND NATURAL RESOURCES DIVISION, UNITED STATES DEPARTMENT OF JUSTICE, , Washington, D.C., for Defendant UNITED STATES FOREST SERVICE.*

The plaintiffs, various environmental and conservation entities, suing under the Administrative Procedures Act (APA), challenge a Final Rule of the United States Forest Service (Forest Service). The matter presently before the court is the plaintiffs' objection pursuant to Federal Rule of Civil Procedure 72(a) to a portion of the magistrate judge's Order denying plaintiffs' motion to compel completion of the Forest Service's administrative record to include agency experts' and the Council

on Environmental Quality's (CEQ) input.  For the reasons that follow, I disagree with the magistrate judge's view as to the law on this issue.  Accordingly, I will set aside the portion of the magistrate judge's order objected to and direct the Forest Service to complete the record unless a valid privilege is asserted.

I.

The facts of this case are thoroughly recounted in the magistrate judge's Memorandum Opinion accompanying her Order.  *Clinch Coalition v. United States Forest Service*, No. 2-21-cv-0003-JPJ-PMS, 2021 WL 5768473, at *1–4 (W.D. Va. Dec. 6, 2021).  I will briefly recount the relevant facts for purposes of deciding the present objection.

> On November 19, 2020, the Forest Service finalized a rule for [National Environmental Policy Act (NEPA)] compliance, ("Final Rule"), with the stated goal of "increase[ing] the pace and scale of forest and grassland management operations on the ground," 84 Fed. Reg. 27,544, 27,550 (June 13, 2019), by "reduc[ing] the costs and time spent on environmental analysis," 85 Fed. Reg. 73,620, 73,629 (Nov. 19, 2020).

*Id.* at 1.  Site-specific Forest Service actions are subject to NEPA, and the agency may avoid preparing an Environmental Impact Statement or Environmental Assessment only if its proposal falls within a categorial exclusion (CE).  36 C.F.R. § 220.7(a) (2020).  CEs are typically limited to "small, insignificant and routine actions that categorically do not have significant impacts no matter where they occur."  *Clinch Coalition*, 2021 WL 5768473, at *2.

For decades, the regulations of CEQ "prohibited development of new CEs unless the CE-developing agency showed that covered actions would not 'individually or cumulatively' cause significant impacts." *Id.* (quoting 40 C.F.R. § 1508.4 (1978)). In July 2020, however, five months after the public comment period closed for the Forest Service's proposed rule, CEQ published its revised NEPA regulations, overhauling the long-standing framework for developing new CEs "to allow development of CEs for actions that do not 'normally' cause significant impacts." *Id.* (quoting 40 C.F.R. § 1508.1(d)(2020)). The Forest Service thereafter provided CEQ an opportunity to review its proposed rule for conformity.

The Forest Service's Final Rule expanded its CEs for logging, road construction, and other special uses. In a 72-page report prepared by the Forest Service in support of its Final Rule, dated October 23, 2021, the agency stated that it based its conclusions — that the newly created CEs would not "normally" cause significant impacts — on three evidentiary pillars: (1) experience with past projects; (2) professional judgment; and (3) benchmarking with other agencies' CEs. Specifically, the agency explained that it relied upon science-based input from named agency experts, as well as direction from CEQ. Suppl. Forest Service Admin. Rec. Ex. 2 Supp. Statement 9, ECF No. 44-2.

On January 8, 2021, the plaintiffs filed suit, alleging that the Forest Service's Final Rule and CEQ's NEPA regulations are arbitrary and capricious and not in

accordance with the law. The Forest Service filed its administrative record with the court in July of 2021 and supplemented it thereafter. On July 22, 2021, plaintiffs moved to compel completion of the administrative record and to strike non-record material.[1] Specifically, they requested that the Forest Service be ordered to:

> (1) include all records of questionnaires, surveys and responses related to past projects; (2) include all records of input from Agency scientists or experts; (3) include all records of input from CEQ applying CEQ's regulations to the Forest Service rulemaking and records of how that input shaped the Final Rule; (4) file with the court a privilege log of records that were considered, directly or indirectly, by the Forest Service, but excluded from the record, describing the basis for the asserted privilege with respect to each document; and (5) strike post-decisional documents from the record.

*Clinch Coalition*, 2021 WL 5768473, at *4.

On December 6, 2021, the magistrate judge denied in part and granted in part the plaintiffs' motion. Specifically, the magistrate judge granted the motion as to records of questionnaires, surveys, and responses related to past projects, but denied the motion as to records of input from agency experts and CEQ, as well as to strike post-decisional documents. She further rejected the plaintiffs' request that the Forest Service file a privilege log. In so holding, she drew a line between documents that the agency did not characterize as predecisional and deliberative (questionnaires, surveys, and responses) and those that it did (agency experts' and CEQ's input).

---

[1] CEQ also filed its administrative record with the court. However, the plaintiffs do not challenge the sufficiency of CEQ's administrative record.

While acknowledging that the Fourth Circuit has not squarely addressed the issue, the magistrate judge held that predecisional and deliberative documents are not part of the administrative record in the first instance, reasoning that the court does not usually consider the subjective motivations of agency decisionmakers and the presumptive exclusion of such documents safeguards the agency's ability to engage in frank and uninhibited discussion of legal and policy matters.  She further determined that the plaintiffs may obtain documents classified by the agency as predecisional and deliberative only by showing bad faith or improper behavior, which they have not attempted to do.  Finally, she concluded that cases interpreting the scope of the deliberative process privilege under the Freedom of Information Act (FOIA) are in applicable in APA cases.

On December 20, 2021, the plaintiffs filed a partial objection to the magistrate judge's Order, challenging only her denial of the motion to compel completion of the record with agency experts' and CEQ's input.  They claim that the magistrate judge's holding was clearly erroneous, contending that she failed to consider the disputed documents' role in the decision-making process and that the agency's unilateral designation of documents that were incontrovertibly considered and relied upon by decisionmakers as predecisional and deliberative frustrates judicial review.  In response, the Forest Service argues that the magistrate judge properly considered the leading appellate court decisions that have considered this issue and correctly

held that plaintiffs may supplement inclusion of deliberative predecisional documents only if a strong showing of bad faith is asserted. The Forest Service further contends that the plaintiffs rely upon FOIA cases that are inapposite in the APA context.

The issues have been briefed by the parties and oral argument received. The matter is now ripe for decision.

II.

Pursuant to Federal Rule of Civil Procedure 72(a), a district judge may "modify or set aside any part of the [magistrate judge's] [nondispositive] order that is clearly erroneous or is contrary to law." I review the magistrate judge's decisions on questions of law under the "contrary to law" standard. *Id*. "In the context of Rule 72(a), this 'contrary to law' standard is equivalent to de novo review." *Harleysville Ins. Co. v. Holding Funeral Home, Inc.*, No. 1:15CV00057, 2017 WL 2210520, at *2 (W.D. Va. May 19, 2017).

The ordinary process for conducting judicial review under the APA is well-established. The APA instructs courts to "set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise is not in accordance with law." 5 U.S.C. § 706(2). Although the standard is highly deferential, judicial review is not merely a "rubber-stamp" on the final agency action. *Ohio Valley Envt'l Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 192 (4th Cir. 2009) (citation omitted). The court

must engage in a "searching and careful inquiry of the record." *Id.* (internal quotation marks and citation omitted).

Specifically, the APA requires courts to review the agency's decision based on "the whole record." 5 U.S.C. § 706. The whole administrative record has been interpreted to encompass the "full administrative record that was before [the agency] at the time [it] made [the] decision." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419–20 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). It therefore includes all documents and materials, directly or indirectly, considered by the agency, including evidence contrary to the agency's position, *S.C. Coastal Conservation League v. Ross*, 431 F. Supp. 3d 719, 722 (D.S.C. 2020), as well as "expert views and opinions," *Appalachian Power Co. v. EPA*, 477 F.2d 495, 507 (4th Cir. 1973), *overruled on other grounds by Union Elec. Co. v. EPA*, 427 U.S. 246 (1976).

There is a strong presumption that the agency properly designated the full and accurate record. *Sanitary Bd. of City of Charleston v. Wheeler*, 918 F.3d 324, 334 (4th Cir. 2019). Nevertheless, the record is not comprised of only "'those documents that the *agency* has compiled and submitted as "the" administrative record.'" *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (citation omitted). In other words, the agency "may not unilaterally determine what constitutes" the record, otherwise there would be no need for a presumption. *Bar*

*MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993). A party seeking to "complete" the record may overcome that presumption with "clear evidence" that the documents it seeks to add were considered by agency decisionmakers. *S.C. Coastal Conservation League*, 431 F. Supp. 3d at 723 (citation omitted). To make this showing, a party must provide "reasonable, non-speculative grounds for the belief" that documents actually considered by the agency were omitted and identify the pertinent materials "with sufficient specificity, as opposed to merely proffering broad categories of documents and data that are likely to exist." *Id.* (internal quotation marks and citation omitted).

Alternatively, a party may supplement the record with extra-record evidence that, while not before agency decisionmakers, will nevertheless assist the court in its review, for instance, where it is alleged that the agency's final decision was impermissibly based on bias or subjective motivation. *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2573–74 (2019). In those rare circumstances, the party must allege bad faith, or make a strong showing of improper behavior, to compel the inclusion of such documents in the record. *Citizens to Pres. Overton Park, Inc.*, 401 U.S. at 420.

Despite these straightforward rules that has served as bedrock principles of administrative law for decades, the defendant maintains that documents the agency, by its own words, not only considered but also expressly relied upon as grounds for

the Final Rule are not part of the administrative record. It is argued that in the absence of Fourth Circuit precedent squarely addressing this issue, I should follow the D.C. Circuit's decision in *Oceana, Inc. v. Ross*, 920 F.3d 855 (D.C. Cir. 2019), and the Sixth Circuit's decision in *In Re U.S. Dep't of Def. & U.S. Envt'l Prot. Agency Final Rule*, No. 15-3751, 2016 WL 5845712 (6th Cir. Oct. 4, 2016) (unpublished), to conclude that predecisional deliberate documents are not part of the record because they are irrelevant and that plaintiffs must allege bad faith to compel their inclusion. I disagree. I am, of course, not bound by these decisions. In any event, I find that they are inconsistent with this circuit's approach in APA cases, which has never endorsed the view that documents relied upon by agency decisionmakers are categorically irrelevant, or that the agency has effectively unfettered discretion to withhold such documents under a heightened bad-faith threshold. At minimum, I find that the decisions are distinguishable.

First, *Oceana* is distinguishable because there, the agency did not expressly state that it relied upon the documents to support its final action. Put differently, the challenging party did not sufficiently allege that the administrative record was incomplete. The D.C. Circuit emphasized this point, explaining that the facts did not present the "special circumstance[]" where a "'substantial showing' was made that the record was incomplete." *Oceana, Inc.*, 920 F.3d at 865 (citation omitted). Such facts are present in this case. It is undisputed that the Forest Service considered

input from agency experts and CEQ.  The plaintiffs have put forth clear evidence of this, pointing to the Forest Service's lengthy supporting-statement report that explained precisely what evidence the agency relied upon to reach its conclusions.

I further disagree with *Oceana*'s approach to analyzing this issue through a relevancy lens.  It is true that the court's review under the APA is ordinarily based on the agency's stated reasons, and consequently, its unstated reasons are as a general rule irrelevant.  *Dep't of Com.*, 139 S. Ct. at 2573 ("[A] court may not reject an agency's stated reasons for acting simply because the agency might also have had other unstated reasons.").  But generalizations are not without exceptions.  In some cases, the court must look beyond the agency's stated reasons, as the arbitrary and capricious standard requires that "substantial evidence" support the agency's action.  *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962).  The court must strike down the agency's action if it "failed to consider an important aspect of the problem, [or] offered an explanation for its decision that runs counter to the evidence before the agency."  *Motor Vehicles Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).  Materials not contained in an agency's stated reasons may nonetheless be relevant, perhaps dispositive; it therefore follows that those materials contained in the agency's stated reasons must be relevant.  *Oceana* embraces a contrary rule — assuming, as a matter of law, that relevant documents are categorically irrelevant because the agency says so by labeling them as

deliberative. This approach leads to the strange result wherein the agency may claim documents are relevant for purposes of developing its final rule but irrelevant for purposes of the court's review of that final rule.

Second, in *In Re U.S. Department of Defense*, the Sixth Circuit held that the deliberative materials were not part of the administrative record, but the court still reviewed the disputed documents to confirm that they were properly designated by the agency. 2016 WL 5845712, at *1–2. Moreover, the court required only clear evidence showing that the record was incomplete and found that at least some documents contained factual material that was not privileged. *Id.* at *1. This approach is contrary to defendant's position that an agency's designation of the administrative record may only be rebutted by evidence of bad faith.

Thus, neither case lends persuasive support for defendant's contention that the court should depart from its ordinary approach when considering challenges to the administrative record. I further find that no court has held that where the agency expressly stated that it relied upon the documents it now claims are deliberative and predecisional, such documents are still not part of the administrative record. The defendant frames the sole question as whether predecisional, deliberate documents are per se part of the administrative record without considering the role of the particular documents, or adequately addressing who decides whether the documents are, in fact, predecisional and deliberative — the agency or the court. This court's

precedents, as well as persuasive out-of-circuit decisions, have persuaded me that while the agency makes the initial designation, the court has the final say. The party challenging the agency's designation, as with any record challenge, need only rebut the agency's presumption with clear evidence.

The Fourth Circuit has made clear that in conducting its review, "the [c]ourt must have before it the record of expert views and opinions . . . and other relevant material . . . on which the [agency decision makers'] acted." *Appalachian Power Co.*, 477 F.2d at 507. The court rejected the notion that its review must be confined to only the agency's articulated reasons for its final decision, or "bare administrative *ipse dixits* based on supposed administrative expertise." *Id.* "If judicial review were to be tethered to these abbreviated documents, it would 'almost inevitably become[] a meaningless gesture' and would be reduced to 'a game of blind man's bluff.'" *Id.* (citation omitted). The court did not require a threshold showing of bad faith. After determining that the record was incomplete, it simply ordered the agency to promptly rectify the error.

The Forest Service therefore seeks to do what the precedent bars — to limit judicial review of documents upon which the agency's decisionmakers acted, that is, the grounds for its conclusion that the new CEs do not normally cause significant impacts. It argues that *Appalachian Power Co.* is distinguishable because there, the agency had presented no administrative record for the court's review. The absence

of any record is certainly a more extreme circumstance, but the consequence of no record and an incomplete record is the same. The court is unable to adequately review the agency's action, relegating its power to nothing more than a disfavored rubber stamp approval. *Ohio Valley Envt'l Coal.*, 556 F.3d at 192.

The agency's labeling of documents as predecisional and deliberative also cannot be used to transform plaintiffs' challenge into an attempt to probe the mental process of agency decisionmakers. This is clearly not the case. The plaintiffs instead take the agency at its word that it relied on "science-based input" from an identifiable list of named agency experts and "consult[ation] with CEQ while developing the CEs." Supp. Statement 8, 67, ECF No. 44-2. As explained, however, it is well-established that courts demand more than an agency's bare assertion that it relied on agency expertise to reach its conclusions. *Appalachian Power Co.*, 477 F.2d at 507. The plaintiffs raise only an ordinary challenge to the record, one that is fairly straightforward given that the Forest Service has already opined on the evidence it considered in reaching its conclusions. The defendant, however, seeks to impose a bad-faith requirement. Such a threshold showing may be appropriate where the party seeks to supplement the record with extra-record evidence, but it is not the rule where the party seeks to complete the record.

To be clear, a party challenging the administrative record is not free to engage in an endless barrage of requests for potentially relevant documents. That would be

overly burdensome for the agency, as well as a waste of the court's resources. It is also an unfounded concern. The agency's presumption of regularity may be overcome only if the party has met its clear-evidence burden. The clear-evidence standard sufficiently protects against abuses from overly invasive document-production requests while ensuring that the court is provided the full and accurate record. Moreover, documents may be withheld under a deliberate process privilege, or any other privilege for that matter.[2] But it does not follow that the agency should have the final, unreviewable word on that designation. Nor does it follow that predecisional deliberative documents are categorically irrelevant. To the contrary, the documents at issue here are indisputably relevant, underscoring the limits of such a conclusory rule.

The Ninth Circuit has adopted this approach. In the case of *In Re United States* the court held that it was not clear error for the district court to find that the presumption of regularity attached to the agency's record was rebutted with "clear evidence." 875 F.3d 1200, 1206 (9th Cir. 2017), *vacated on other grounds*, 138 S.

---

[2] The Forest Service contends that the scope of the deliberative process privilege in FOIA cases are inapplicable in the APA context. I disagree. The deliberate process privilege is a long recognized common law privilege. Its purpose is "to prevent injury to the quality of agency decisions." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 (1975). While it derives from the common law, the privilege has been incorporated into FOIA, and it makes sense that many of the cases interpreting its scope arise in that context. In fact, its scope "exempt[s] those documents, and only those documents, normally privileged in the civil discovery context." *Id.* at 149.

Ct. 443 (2017). There, the party challenging the record sought only materials that were considered by the agency; thus, the court affirmed that no showing of bad faith was required. *Id.* at 1206–08. It also was not clear error for the district court to require the agency to maintain a privilege log to facilitate in-camera review of documents allegedly protected by deliberate process. *Id.* at 1210. The Fourth Circuit has impliedly endorsed this approach as well, issuing an order in a challenge to the administrative record that the agency must "submit a privilege log in the event that the Government withholds any documents under the guise of the deliberative process privilege." *Defenders of Wildlife v. U.S. Dep't of the Interior*, No. 18-2090, at 2 (4th Cir. Feb. 5, 2019). While I recognize the non-precedential nature of this decision, I find it is consistent with the Fourth Circuit's approach generally in APA cases.

In sum, I find that the plaintiffs have satisfied their burden of showing by clear evidence that the administrative record is incomplete, as the Forest Service failed to produce documents containing input from agency experts and CEQ that were considered and relied upon by the agency decisionmakers.

### III.

Even if the documents are part of the administrative record, the defendant argues that they may be protected by a deliberative process privilege. The plaintiffs contend that the agency waived any such privilege that may have existed by relying on the documents. Alternatively, they contend that at least some of the information

contained in the documents is factual, and therefore segregable, non-privileged material. The plaintiffs also argue that CEQ's input constitutes the agency's "working law," which is not privileged. I will wait to decide whether the documents must be produced until the defendant has an opportunity to assert an applicable privilege.

## IV.

For the foregoing reasons, it is **ORDERED** as follows:

1. The plaintiffs' Partial Objection to the Magistrate Judge's Order on Motion to Compel Completion of Administrative Record, ECF No. 66, is GRANTED, and the magistrate judge's order, ECF No. 64, is VACATED in part consistent with this Opinion and Order;

2. The Forest Service must complete the administrative record, or assert an applicable privilege concerning any such documents, within 21 days of the entry of this Opinion and Order; and

3. If a privilege is asserted, the Forest Service must file a privilege log and the stated basis for any such privilege.

ENTER: April 5, 2022

/s/ JAMES P. JONES
Senior United States District Judge