CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED
July 18, 2024
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| THE CLINCH COALITION, ET AL., ) | |
| ) | |
| Plaintiffs, ) | Case No. 2:21CV00003 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | **AS TO THIRD MOTION** |
| ) | **TO COMPEL AND** |
| ) | **MOTION FOR** |
| ) | **RECONSIDERATION** |
| ) | |
| THE UNITED STATES FOREST ) | JUDGE JAMES P. JONES |
| SERVICE, ET AL., ) | |
| ) | |
| Federal Defendants, ) | |
| ) | |
| and | |
| ) | |
| AMERICAN LOGGERS COUNCIL, ) | |
| ET AL., ) | |
| ) | |
| Intervenor Defendants. ) | |

*Sam Evans,* SOUTHERN ENVIRONMENTAL LAW CENTER, Asheville, North Carolina, and *Kristin Davis,* SOUTHERN ENVIRONMENTAL LAW CENTER, Charlottesville, Virginia, for Plaintiffs; *John P. Tustin, Senior Attorney,* NATIONAL RESOURCES SECTION, ENVIRONMENT AND NATURAL RESOURCES DIVISION, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Federal Defendants.

This action under the Administrative Procedures Act (APA), challenges a Final Rule of the United States Forest Service (Forest Service or Agency). The matters presently before the court are Federal Defendants' Motion for Reconsideration and Plaintiffs' Third Motion to Compel Completion of the

Administrative Record (hereafter, Third Motion to Compel). For the reasons that follow, I will deny the Motion for Reconsideration and grant the Third Motion to Compel.

I.

The background of this case is recounted in my opinion addressing the plaintiffs' First Motion to Compel Completion of the Administrative Record (First Motion to Compel). *Clinch Coal. v. U.S. Forest Serv.*, 597 F. Supp. 3d 916 (W.D. Va. 2022). As noted, the dispute is centered on the Forest Service's Final Rule regarding categorical exclusions (CEs).[1] The Agency's Supporting Statement indicates that it used "information from professional staffs, expert opinions, and scientific analysis," as well as "benchmarking other agencies' experiences" in developing and modifying the CEs. Defs.' Notice of Suppl. to R. Ex. 2 at 9, ECF No. 44-2. It specifically references lists of staff and experts that helped develop particular CEs. The Supporting Statement then indicates that after "working with

---

[1] Site specific Forest Service actions are subject to the National Environmental Policy Act (NEPA) and the Agency may avoid preparing an Environmental Impact Statement or Environmental Assessment only if its proposals fall within CEs. CEs were intended for "small, insignificant and routine actions that categorically do not have significant impacts no matter where they occur." *Clinch Coal. v. U.S. Forest Serv.,* No. 2:21-CV-0003-JPJ-PMS, 2021 WL 5768473, at *2 (W.D. Va. Dec. 6, 2021), *vacated in part*, 597 F. Supp. 3d at 925. In 2020, the Council on Environmental Quality revised the NEPA regulations "to allow development of CEs for actions that do not 'normally' cause significant impacts." *Id*. (quoting 40 C.F.R. § 1508.l(d)). The Forest Service then published a Final Rule involving the disputed CEs, and in doing so, it relied on the Council on Environmental Quality's (CEQ) new standard in concluding that the CEs would not normally cause significant impacts. *Id.* at *3.

[these] subject matter experts and scientists," the Agency "has concluded that it is appropriate to establish the new CEs." *Id*. at 72.

In an initial Motion to Compel Completion of the Administrative Record and Strike Nonrecord Material (First Motion to Compel), ECF No. 47 (July 22, 2021), the plaintiffs sought all records of input from Agency experts and the CEQ based upon the Agency's representations in the Supporting Statement. The motion was denied by the magistrate judge and in overruling the magistrate judge's decision, I held that the plaintiffs had met their burden in showing that the administrative record was incomplete because the Agency had failed to produce documents that, by its own words, had been expressly considered and relied upon to reach the Agency's conclusion that the CEs were appropriate. *Clinch Coal.*, 597 F. Supp. 3d at 925. I reserved decision on any deliberative process privilege asserted as to any such records until a privilege log had been filed. *Id.*

After considering a Second Motion to Compel Completion of the Administrative Record (Second Motion to Compel), I overruled a claimed deliberative process privilege asserted by the Agency in its privilege log concerning 313 redacted documents and 139 withheld documents. I directed the Forest Service to supplement the administrative record with any documents containing opinions, advice, or discussions from the individuals listed in the appendices in the Supporting Statement as well as opinions, advice, or discussions from CEQ applying its

regulations to the Forest Service rulemaking. *Clinch Coalition v. U.S. Forest Serv.*, 693 F. Supp. 3d 643, 654 (W.D. Va. 2023).

In the present Third Motion to Compel, the plaintiffs assert that the Forest Service is still withholding 26 CEQ documents consisting of email communications concerning proposed revisions to the CEs, in addition to three documents that the Federal Defendants claim are protected by attorney-client and work-product privilege.

In the Motion for Reconsideration, the Federal Defendants have moved for reconsideration of my finding in response to the Second Motion to Compel that the deliberative process privilege does not apply simply because the documents involve the CEQ. They contend that reconsideration is warranted because my holding would cause manifest injustice and did not acknowledge that the CEQ plays a unique role in the development of agency specific NEPA implementing procedures. They also argue that the court should not have required the Forest Service to disclose deliberative documents without the court first reviewing the privilege log or conducting an in-camera review of the documents. In response, the plaintiffs contend that the law of the case doctrine precludes the court from modifying its prior ruling, that the court did not err in its prior ruling, and that disclosure would not cause manifest injustice.

The plaintiffs also contend that the Federal Defendants have waived their ability to assert work-product or attorney-client privilege by failing to timely assert those privileges. The plaintiffs claim that the assertion of that privilege was discovered by the plaintiffs in their diligence review of the new privilege log. During this review, the plaintiffs noted that the new privilege was a discrepancy when compared to the previous privilege log. The plaintiffs claim that the Federal Defendants "unilaterally added new privileges without notifying the Parties or the Court, which would have gone unnoticed but for the Conservation Groups' painstaking efforts to double-check the new privilege log." Pls.' Resp. Fed. Defs.' Mot. Recons., ECF No. 110.

In response, the Federal Defendants contend that the privilege was formally asserted only three days after the discrepancy in the privilege log was discovered, making it timely. Further, the Federal Defendants contend that the court did not forbid further amendments of the privilege log. The Federal Defendants also contend that the documents had never been revealed to third parties and assert that the inquiry should end there, and the court should deny the plaintiffs' motion. The Federal Defendants do not seek to withhold any document in full, but instead seek only to withhold redacted parts of the documents. However, previously disclosed documents from the Forest Service have been "so heavily redacted that they [were]

effectively still withheld in full," Pls.' Br. Supp. Second Mot. to Compel Completion of the Admin. R., ECF No. 94 at 7, warranting further scrutiny.

The issues have been briefed and orally argued and the matter is now ripe for decision.

II.

Rule 54(b) governs reconsideration of orders that are not final judgments. *Fayetteville Inv. v. Com. Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991). Interlocutory orders are "subject to reconsideration at any time prior to the entry of a final judgment." *Id.* at 1469.

However, not every ruling should be so readily reconsidered. The law of the case doctrine holds that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Roof*, 10 F.4th 314, 346 (4th Cir. 2021) (citation omitted). The law of the case counsels against altering a prior decision in the absence of certain circumstances, such as when a "prior decision was clearly erroneous and would work manifest injustice." *Sejman v. Warner-Lambert Co.,* 845 F.2d 66, 68 (4th Cir. 1988) (internal quotation marks and citation omitted).[2]

---

[2] "A trial court could not operate if it were to yield to every request to reconsider each of the multitude of rulings that may be made between filing and final judgment. . . . Even the sincere desire to urge again a strong position that perhaps deserves to prevail could generate more work than our courts can or should handle. A presumption against

I turn now to the 26 CEQ documents still at issue in this case.

First, I reject the Federal Defendants' contention that the court did not adequately consider the role of the CEQ and its deliberations regarding the Final Rule. Although the Federal Defendants describe CEQ's duties, which include administering NEPA, reviewing regulations, regulatory planning, and holding internal Executive Branch deliberations, the Federal Defendants do not adequately explain why these facts demonstrate that I erred in my finding that the deliberative process privilege does not apply. I find it unconvincing that CEQ's documents qualify for the privilege simply because they relate to review of the rulemaking in the context of other regulations rather than expert input.[3]

The Forest Service has confirmed that CEQ input was considered and relied upon in its decision. As such, even if this court were bound by and relied upon the *Cipollone* factors cited in the Federal Defendants' briefing, the alternative result would be the same.[4] Based on a careful review of the privilege log, there is no reason

---

reconsideration makes sense." 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4478.1 (3d ed. 2019).

[3] The history and role of the CEQ is more fully described in *Wild Virginia v. Council on Environmental Quality*, No. 3:20CV00045, 2020 WL 5494519, at *1–2 (W.D. Va. Sept. 11, 2020) (Jones, J.).

[4] Under *Cipollone ex rel. Cipollone v. Liggett Grp., Inc.*, Nos. 86-1198, 86-1223, 1987WL36515, at *2 (4th Cir. Feb. 13, 1987) (unpublished), the relevant factors to consider in determining whether the deliberative process privilege applies include "(1) the relevance of the evidence to the lawsuit; (2) the availability of alternative evidence on the same matters; (3) the government's role (if any) in the litigation, and (4) the extent to which

to conclude that the requested evidence would necessarily be irrelevant, that there would be alternatively available evidence, or that it would genuinely chill advice to agencies.

Second, I find that the mandated disclosure of the 26 documents without review of the privilege log or an alternative method of determining whether the documents qualified for the privilege was not clearly erroneous. The question is not whether I would have ruled differently on the motion if presented today, but rather whether I clearly erred in my ruling regarding the deliberative dialogue privilege. Under either standard, the result would be the same today.

The Federal Defendants' contention that my ruling conflicted with Fourth Circuit precedent is incorrect. I was not required, as the Federal Defendants assert, to review the privilege log or conduct in camera review if I find that the deliberative process privilege does not apply. *Rein v. U. S. Patent & Trademark Office*, 553 F.3d 353, 377 n.34 (4th Cir. 2009). In my prior opinion, I explained that the deliberate process privilege does not apply because the withheld documents are not the working law of the agency, nor are they expressly adopted or incorporated by reference.

---

disclosure would hinder frank and independent discussion regarding contemplated policies and decisions" (internal quotation marks and citation omitted).  The Federal Defendants had the opportunity to highlight relevant facts and descriptions that would sway these factors in the privilege log.  Of the descriptions in the privilege log, I see none that support recognizing the privilege here.

In her declaration in support of the Federal Defendants' motion, CEQ Chair Brenda Mallory contends that disclosing the candid deliberations and feedback between the Forest Service and the CEQ would chill speech and in turn, reduce the quality of future agency NEPA procedures. Mot. Recons. Ex. 1, Mallory Dec. ¶ 17, ECF No. 107-1. While these contentions are more than bald assertions of manifest injustice, they are only barely so. Again, there is no reason that these contentions cannot apply to vast swaths of the federal government. In other words, the Federal Defendants offer no reason that the chilling effect and reduction of candor will apply specifically because of ordering the release of these documents. I cannot accept the argument that the mere possibility of chilling administrative discussions, without sufficient evidence in support of that argument, is always sufficient to satisfy the manifest injustice prong. If the mere conclusory allegation that the disclosure of CEQ feedback will chill agency speech satisfies the manifest injustice prong of the reconsideration analysis, then the prong would be rendered toothless. Thus, I will deny the Federal Defendants' Motion for Reconsideration.

### III.

I turn now to the three documents over which the Federal Defendants assert work-product and attorney-client privilege. The failure to timely assert a privilege constitutes waiver. *United States v. Bolander*, 722 F.3d 199, 223 (4th Cir. 2013).

During this case, the court twice extended the deadline for the Federal Defendants to complete its privilege log. More than one year after the extension of the last deadline, the Federal Defendants only now ask the court to find additional privileges. At over three years into this litigation, I agree with the plaintiffs that it is too late in the day to assert those privileges.

Even if the court were to assume that the assertion of the privilege was timely, the privilege log descriptions do not indicate that the materials are protected work-product or provided legal advice for the Forest Service. Nothing in the description of these three documents, privilege log numbers 166, 167, and 219, indicates such, and it is the Federal Defendants' burden to make the assertion of the privilege clear. *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982). The documents are described as follows:

- Document 166: "Email regarding some dialogue on CE and cumulative effects"

- Document 167: "Email regarding Informal Review Request: Roads CE Language"

- Document 219: "Email regarding transmittal of roads CEs documents with attachments," "DRAFT – Categorical Exclusion for Administrative Sites with comments," and "Informal Review – Admin Sites, Rec Sites, Trails, Roads CEs email."

Notice Logging Fourth Suppl. Ex. 3, Privilege Log, ECF No. 88-3.

The nature of the comments in the above emails is not sufficiently described for the court to conclude that these emails concern work-product or attorney-client privilege.

IV.

For the foregoing reasons, it is **ORDERED** as follows: (1) The Plaintiffs' Third Motion to Compel Completion of the Administrative Record, ECF No. 109, is GRANTED; (2) The Federal Defendants' Motion for Reconsideration, ECF No. 107, is DENIED; and (3) the Federal Defendants must add the documents in question to the administrative record.

ENTER: July 18, 2024

/s/ JAMES P. JONES
Senior United States District Judge