TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

JOHN P. TUSTIN, Senior Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044 7611
Phone:   (202) 305 3022
Fax:     (202) 305-0506

CHRISTOPHER R. KAVANAUGH
United States Attorney

*Attorneys for Federal Defendants*

### UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | |
|---|---|
| THE CLINCH COALITION, *et al.*, | ) Case No. 2:21-cv-0003-JPJ-PMS |
| Plaintiffs, | ) |
| v. | ) JOINT STATUS REPORT AND |
| | ) PROPOSED SCHEDULING ORDER |
| UNITED STATES FOREST SERVICE, *et al.*, | ) |
| Federal Defendants, | ) |
| and | ) |
| AMERICAN LOGGERS COUNCIL, *et al.* | ) |
| Defendant Intervenors. | ) |

The Parties submit this joint status report and scheduling order in accordance with the Court's October 3, 2023 Order, ECF No. 105. Plaintiffs and Federal Defendants continue to disagree over how this action should proceed. The Parties' respective positions are as follows:

      a.      **<u>Plaintiffs' Position:</u>**

On July 18, 2024, this Court granted Plaintiffs' Third Motion to Compel Completion of the Administrative Record, denied Defendants' Motion for Reconsideration, and ordered Defendants to "add the documents in question to the administrative record." ECF No. 118 at 11. This is the second time this Court has ordered Defendants to add many of these documents to the record. *See* ECF No. 101, 118. In spite of this Court's clear instructions—which do not provide Defendants with any discretion regarding whether and when to complete the record—Defendants now seek to suspend this Court's mandate while they decide whether to file an appeal challenging unidentified aspects of this Court's various orders and opinions regarding the administrative record. *See* ECF Nos. 77, 101, 118. Such an extension—after more than three years of litigation over Defendants' repeated failures to complete the administrative record—is unwarranted.

Despite Defendants' contentions, prompt compliance with this Court's order to disclose documents will not prejudice Defendants. Defendants assert they would be harmed if they were forced to disclose the documents in question before the Fourth Circuit has had the opportunity to weigh in on as-yet-unidentified issues with this Court's prior orders. However, Defendants have not committed to appealing to the Fourth Circuit. And the court that currently has jurisdiction over this dispute—this Court—has already resolved all issues regarding the completeness of the administrative record. Nothing entitles Defendants to further delay while they debate whether to seek appeal of this Court's rulings.

Defendants also claim that following the Court's order would "short-circuit" their internal system for determining whether an appeal of a judicial order is appropriate. However,

nothing in this Court's July 18 order prevents Defendants from filing a post-judgment appeal raising any issues they may raise in an interlocutory appeal. *See In re Grand Jury 2021 Subpoenas*, 87 F.4th 229, 246 (4th Cir. 2023) ("[A]llegedly compromised privilege interests can be reviewed perfectly well on post-judgment appeal without resorting to the subjugation of the final-judgment rule."). Nor would moving this case forward in this Court prevent Defendants from filing a timely notice of interlocutory appeal if that is what they choose to do. To the extent that Defendants are concerned about remediating the harm from an "improper disclosure of privileged material," they can address this issue during a post-judgment appeal as well. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 109 (2009).

Plaintiffs request that the Court order Defendants to certify and lodge the complete administrative record within **two (2) weeks** from when the Court enters a scheduling order in response to this joint status report. The following proposed deadlines will be tiered to the date that the scheduling order is filed.

1. Defendants will provide Plaintiffs with an electronic copy of the complete administrative record within **three (3) business days** of lodging the complete record with the Court.

2. Plaintiffs' motion for summary judgment will be due **thirty (30) days** from receipt of the completed administrative record.

3. Defendants' and Defendant-Intervenors' oppositions to Plaintiffs' motion for summary judgment and cross-motions for summary judgment shall be due **thirty (30) days** later.

4. Plaintiffs' reply in support of their motion for summary judgment and opposition to Defendants' and Defendant-Intervenors' cross-motions for summary judgment shall be due **twenty-one (21) days** later.

5. Defendants' and Defendant-Intervenors' replies in support of their cross-motions for summary judgment shall be due **twenty-one (21) days** later.

6. If Defendants file a timely interlocutory appeal or seek other equitable relief, this Court will stay the above deadlines.

If the Court adopts Defendants' position, Plaintiffs request that the Court order Defendants to certify and lodge the completed record by **September 16, 2024** if Defendants do not file an appeal. In that event, Plaintiffs request that the Court adopt the proposed schedule detailed above, tiered to Defendants' September 16 lodging of the administrative record.

    b.    **Federal Defendants' Position:**

Federal Defendants are considering seeking further review of the Court's July 18, 2024 Order on appeal.

Subject to the general supervision and direction of the Attorney General of the United States, the Solicitor General has responsibility for determining whether, and to what extent, appeals will be taken by the United States to appellate courts. 28 C.F.R. § 0.20(b). The Department of Justice's procedures for an appeal are set forth in Title 2 of the Justice Manual (updated July 2018), *available at* https://www.justice.gov/jm/title-2-appeals (last visited July 31, 2024). In short, determining whether, and to what extent, the Solicitor General would authorize an appeal here involves formal recommendations from the Forest Service, the Council on Environmental Quality, and the Natural Resources and Appellate Sections within the Department of Justice. The relevant agencies and sections are working diligently and expeditiously on their respective recommendations. Once the four recommendations have been approved by the appropriate official within the respective agency or section, all four recommendations are

submitted to the Solicitor General of the United States for review and determination.

Federal Defendants intend to decide whether to seek appellate review of the Court's July 18 Order by September 16. *See, e.g.*, Fed. R. App. 4(a). Federal Defendants propose that if an appeal **is not** authorized by September 16, the Parties meet and confer and propose a schedule for merits briefing in this Court two weeks later, or by **October 7**. If an appeal **is** authorized, either this Court or the Fourth Circuit will determine the schedule for further review of the July 18 Order.

Plaintiffs' proposal for the agencies to immediately disclose the contested documents prejudices Federal Defendants in two ways. First, it would require disclosure of documents over which there are legitimate and good-faith disagreements by the Parties – disagreements that have not been resolved by the Fourth Circuit. Second, immediate disclosure of the contested documents short-circuits Federal Regulations that assign determining whether, and to what extent to appeal to the Solicitor General as well as established procedures with respect to appeals. *See* Justice Manual, Title 2.

The Court should allow the Federal Defendants time to ensure an orderly process that will facilitate an informed decision about whether, and to what extent, to seek further review of the July 18 Order. *See generally United States v. Mendoza*, 464 U.S. 154, 161-62 (1984).

    c.    **Defendant Intervenors' Position**:

Defendant Intervenors take no position on the proposed schedule.


Respectfully submitted on this 1st day of August 2024.

| | |
|---|---|
| *On behalf of Plaintiffs* | /s/ Spencer Scheidt (with permission)<br>Spencer Scheidt<br>SOUTHERN ENVIRONMENTAL LAW CENTER<br>48 Patton Ave, Suite 304<br>Asheville, NC 28801-3321<br>Phone:   (828) 258-2023<br>Fax:      (828) 258-2024<br>sscheidt@selcnc.org |
| *On behalf of Federal Defendants* | TODD KIM<br>Assistant Attorney General<br>Environment and Natural Resources Division<br>United States Department of Justice<br><br>/s/ John P. Tustin<br>JOHN P. TUSTIN, Senior Attorney<br>Natural Resources Section<br>P.O. Box 7611<br>Washington, D.C. 20044 7611<br>Phone:   (202) 305 3022<br>Fax:      (202) 305-0506<br><br>CHRISTOPHER R. KAVANAUGH<br>United States Attorney |
| *On behalf of Defendant Intervenors* | /s/ Jay C. Johnson (with permission)<br>Jay C. Johnson<br>Virginia Bar #47009<br>VENABLE LLP<br>600 Massachusetts Avenue, NW<br>Washington, DC 20001<br>jcjohnson@venable.com<br>Phone:   (202) 344-4020<br>Fax:      (202) 344-8300<br><br>Sara Ghafouri<br>OSB #111021, *pro hac vice*<br>AMERICAN FOREST RESOURCE COUNCIL<br>700 N.E. Multnomah, Suite 320<br>Portland, OR 97232<br>sghafouri@amforest.org<br>Phone:   (503) 222-9505<br>Fax:      (503) 222-3255 |