UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| THE CLINCH COALITION, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES FOREST SERVICE, *et al.*, | ) |
| | ) |
| Federal Defendants, | ) Case No. 2:21-cv-0003-JPJ-PMS |
| | ) |
| and | ) |
| | ) |
| AMERICAN FOREST RESOURCES COUNCIL, *et al.*, | ) |
| | ) |
| Intervenors-Defendants. | ) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs ("Conservation Groups") hereby submit the following notice of supplemental authority relevant to the parties' cross motions for summary judgment. Authorities relied on by Defendants in their supporting memoranda, Dkt. 144; Dkt. 149, have now been rescinded and replaced with material changes that undermine Defendants' core arguments. Conservation Groups submit this notice because Defendants' similarly styled notice, Dkt. 154, is incomplete and fails to disclose why the new regulatory regime materially changes representations that Defendants previously made to this Court.

Defendants have relied on the previous regulatory regime to argue that Conservation Groups' challenge is not ripe. Specifically, Defendants argued that "'several steps' remain before there is a specific final agency action related to a specific project subject to judicial review." Dkt.

144 at 11 (quoting *Wild Va. v. Council on Env't Quality*, 56 F.4th 281, 297 (4th Cir. 2022)). According to Defendants, the "several steps" supporting their argument include publication of the proposed action in the Forest Service's "Schedule of Proposed Actions," or "SOPA," the "scoping" process, and "other public engagement." Dkt. 144 at 11–12. Defendants further argued that the SOPA and scoping processes alleviate the hardship that Conservation Groups alleged would be caused by the Forest Service's use of categorical exclusions. Dkt. 144 at 15–16; *see also* Dkt. 149 at 6.

All of the "several steps" relied on by Defendants were requirements of Council on Environmental Quality ("CEQ") regulations codified at 40 C.F.R. Parts 1500–1508 and Forest Service regulations codified at 36 C.F.R. Part 220. *See* Dkt. 144 at 11 (citing both sets of regulations). Now, however, both sets of regulations have been rescinded. First, although not mentioned in Defendants' notice, Dkt. 154, CEQ rescinded its regulations effective April 11, 2025. 90 Fed. Reg. 10,610, 10,611. The Forest Service regulations remained in place for a few more months, but on July 3, 2025, they too were rescinded. 90 Fed. Reg. 29,632, 29,674 (removing 36 C.F.R. Part 220 from the Code of Federal Regulations, effective immediately).

As Defendants acknowledge, Forest Service procedures for the use of categorical exclusions are now governed by a new set of Department of Agriculture regulations. *Id.* at 29,649–59. Defendants appropriately disclose that, under these new regulations, there is no requirement to publish a Schedule of Proposed Actions or to "scope" projects for public input. *See* Dkt. 154 at 1, Table (showing these requirements are "N/A" under the new regulations). Defendants fail to disclose, however, that there is no longer *any* requirement that the Forest Service solicit public comment on "whether a [categorical exclusion] applies to a proposed action, if there are any extraordinary circumstances, or any other relevant matter," as Defendants previously argued. *See*

2

Dkt. 144 at 12. And even though the Forest Service will be required to create internal documentation of its decision to apply one of the challenged categorical exclusions, 90 Fed. Reg. 29,654–59 (new version of 7 C.F.R. § 1b.4(d)), it has no obligation to notify the public of that decision, *see id.* at 29,650 (new version of 7 C.F.R. § 1b.3(g)). In sum, under the Department of Agriculture's newly revised NEPA procedures there is no requirement that the public receive any notice whatsoever before actions under the challenged categorical exclusions take place on the ground. *Compare* 7 C.F.R. §§ 1b.6(d) & 1b.8(c) (requiring publication of a decision document for an environmental assessment or impact statement), *with* 1b.3 (no such requirement for CEs).

Respectfully submitted, this the 16th of July 2025.

/s/ Sam Evans
N.C. Bar No. 44992
sevans@selc.org

/s/ Alyson R. Merlin
N.C. Bar No. 58223
amerlin@selc.org

48 Patton Ave
Suite 304
Asheville, NC 28801-3321
828-258-2023

/s/ Kristin Davis Gendzier
VA. Bar No. 85076
120 Garrett Street
Suite 400
Charlottesville, VA 22902
kgendzier@selc.org
434-977-4090

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2025, I electronically filed the foregoing Notice with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification of such filing to all counsel of record.

/s/ Sam Evans
Sam Evans
Southern Environmental Law Center