CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

December 03, 2025

LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| THE CLINCH COALITION, ET AL., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES FOREST ) <br> SERVICE, ET AL., ) <br> ) <br> Federal Defendants, ) <br> ) <br> and ) <br> ) <br> AMERICAN LOGGERS COUNCIL, ) <br> ET AL., ) <br> ) <br> Intervenor Defendants. ) | Case No. 2:21CV00003 <br><br> OPINION AND ORDER <br><br> JUDGE JAMES P. JONES |

*Argued:* Sam Evans and Alyson R. Merlin, SOUTHERN ENVIRONMENTAL LAW CENTER, Asheville, North Carolina, for Plaintiffs; John P. Tustin, Senior Attorney, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Federal Defendants; Jay C. Johnson, VENABLE LLP, Washington, D.C., and Sara Ghafouri, AMERICAN FOREST RESOURCE COUNCIL, Portland, Oregon, for Intervenor Defendants.

The plaintiffs, multiple conservation entities, have challenged a Final Rule promulgated by the United States Forest Service (Forest Service) under the Administrative Procedure Act (APA). The parties have now filed cross motions for summary judgment.[1] For the reasons discussed below, I will enter judgment for the

---

[1] For the purposes of this Opinion and Order, I will refer to the federal defendants and intervenor defendants as defendants, collectively.

defendants on the ground that the court lacks Article III subject-matter jurisdiction and dismiss the Complaint without prejudice.

I. BACKGROUND.

The facts of this case have been recounted in this court's previous Opinion and Order. *Clinch Coal. v. U.S. Forest Serv.*, 597 F. Supp. 3d 916, 919–20 (W.D. Va. 2022). I will briefly restate the more relevant facts here.

On November 19, 2020, the Forest Service finalized a rule for National Environmental Policy Act (NEPA) compliance (Final Rule), the stated goal of which was to "increase the pace and scale of forest and grassland management operations on the ground" 84 Fed. Reg. 27,544, 27,550 (June 13, 2019), by "reduc[ing] costs and time spent on environmental analysis," 85 Fed. Reg. 73,620, 73,629 (Nov. 19, 2020).

Pursuant to the NEPA, the Forest Service is not required to prepare an Environmental Impact Statement (EIS) or Environmental Assessment (EA) if a project proposal falls under a categorical exclusion (CE). 36 C.F.R. § 220. 7(a) (2020). CEs are generally limited to small and routine actions that do not have significant environmental impacts, regardless of where they occur. The Final Rule expanded the Forest Service's CEs for logging, road construction, and other special

uses. The Forest Service concluded that the CEs would not "normally" cause significant effects on the environment. 40 C.F.R. § 1508.1(e) (2020).[2]

On January 8, 2021, the plaintiffs filed suit, arguing that the Forest Service's Final Rule and Council on Environmental Quality's (CEQ) NEPA regulations are arbitrary and capricious and not in accordance with the law, in violation of the APA. On April 5, 2022, this court directed the Forest Service to provide its complete administrative record. *Clinch Coal.*, 597 F. Supp. 3d at 916. Now before the court are the parties' cross-motions for summary judgment. The issues have been fully briefed and orally argued.

## II. DISCUSSION.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

---

[2] As noted in *Friends of Bell Smith Springs v. U. S. Forest Serv.*, No. 3:25-CV-01377-NJR, 2025 WL 2623522, at *2, n.1 (S.D. Ill. Sept. 11, 2025) as follows:

> At all times relevant to this case, the Forest Service's compliance with NEPA was governed by two sets of regulations: those issued by the Council on Environmental Quality (National Environmental Policy Act Implementing Regulations, 40 C.F.R. §§ 1500.1–1508.1 (2024), *rescinded by* 90 Fed. Reg. 10610 (Feb. 25, 2025)) and those issued by the Forest Service (National Environmental Policy Act Compliance, 36 C.F.R. §§ 220.1–.7 (2024), *rescinded by* 90 Fed. Reg. 29632 (July 3, 2025)). For purposes of this order, the Court will cite to the relevant regulations as they existed at the time.

The parties contest both the merits and this court's jurisdiction over this matter. Article III limits a federal court's jurisdiction to reviewing cases or controversies, which require that plaintiffs establish both ripeness and standing. *South Carolina v. United States*, 912 F.3d 720, 730 (4th Cir.), *cert. denied*, 589 U.S. 1015 (2019). Here, the defendants contend that the plaintiffs' facial challenge to the CEs is not justiciable because the challenge is not ripe, and the plaintiffs lack standing.[3]

The ripeness and standing doctrines contain considerable overlap. *Id.* The ripeness doctrine "prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies" and "protect[s] the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 148–49 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). "Where an injury is contingent upon a decision to be made by a third party that has not yet acted, it is not ripe as the subject of decision in a federal court." *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 758 (4th Cir. 2013).

---

[3] The defendants also assert that the plaintiffs' CEQ claims (Counts Four and Five) are moot, which plaintiffs' counsel conceded at oral argument. Tr. Oral Arg. 23–24.

Whether a claim is ripe for review depends upon "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Lab'ys*, 387 U.S. at 149. Although "ripeness can rest on anticipated future injury," the future injury cannot rest on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Wild Va. v. Council on Env't Quality*, 56 F.4th 281, 295 (4th Cir. 2022) (citation modified). When evaluating ripeness, courts may look to factual developments that arose after the complaint was filed. *Id.* at 293.

While ripeness concerns *when* a plaintiff may bring suit, standing concerns *who* may bring suit. To establish constitutional standing: (1) An "injury in fact" must have been suffered by the plaintiff that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical;" (2) The injury must be "fairly traceable to the challenged action of the defendant;" and (3) It must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citation omitted). Where, as here, the plaintiffs are conservation groups, associational standing must also be established. An association has standing to sue on behalf of its members if "its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested

requires the participation of individual members in the lawsuit." *Id.* at 181. The facts relevant to a standing inquiry are those that existed at the time the complaint was filed. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 570 n.5 (1992).

The defendants argue that the plaintiffs' claims are not ripe because they fail to challenge a specific Forest Service project authorized under one of the contested CEs. The defendants rely on this court's Opinion and Order — and the Fourth Circuit's subsequent affirmance — in *Wild Virginia*. There, environmental organizations challenged a final rule promulgated by the CEQ that revised the process in which federal agencies would conduct NEPA reviews, on the grounds that they expected their interests would be harmed. *Wild Virginia*, 56 F.4th at 287, 290. The Fourth Circuit found the challenge to be unripe because "there are many steps to occur between the promulgation of the 2020 Rule and any such ultimate environmental harm, including, most importantly, that other agencies will need to actually engage in NEPA reviews (or decline to do so) as to particular projects." *Id.* at 297; *see also Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 730 (1998) (finding unripe a challenge to a land and resource management plan adopted by the Forest Service because of the "considerable legal distance between the adoption of the Plan and the moment when a tree is cut," even though the logging could not occur absent the plan).

As the plaintiffs note, the Fourth Circuit specifically distinguished the rule at issue in *Wild Virginia* from CEs. 56 F.4th at 298 ("The promulgation of a categorical exclusion or forest plan by the agency that will enforce it . . . is a much more definitive action than the promulgation of floor-setting principles that will guide future NEPA analyses to be performed by other agencies."). I do not read this statement to imply that the promulgation of a CE necessarily will not be contingent upon actions of a third party that has yet to act. Rather, I agree with the defendants that the CEs at issue are merely one step closer to the site-specific actions courts have found to be ripe for review.

Even assuming the plaintiffs' claims are ripe, they must still establish standing. The plaintiffs contend that they have standing because the new CEs "will cause harm in the places their members visit and care about, because the Rule deprives them of information to which they are entitled and rely on, and because they must now divert their own scarce resources to mitigate the Rule's harm to their core missions." Mem. Supp. Pls.' Mot. Summ. J., 17, Dkt. No. 138.

For the reasons discussed above, I find that the injuries alleged by the plaintiffs are not imminent. The defendants contend that *Summers v. Earth Island Inst.,* 555 U.S. 488 (2009), is dispositive. There, conservation organizations challenged the Forest Service's adoption of regulations that categorically exempt certain types of projects from the notice, comment, and appeal process. *Id.* at 490.

The Court held that the injuries alleged were insufficient to establish injury-in-fact "for several reasons: because it was not tied to application of the challenged regulations, because it does not identify any particular site, and because it relates to past injury rather than imminent future injury that is sought to be enjoined." *Id.* at 495. While the plaintiffs here do not rely on past injuries, they fail to tie the contested CEs to any site-specific application that would affect their interests. Moreover, the plaintiffs concede that the potential harm the CEs may cause are site specific. Compl. ¶ 6. ("[W]hile a logging project may cause little harm at one site, it could destroy important, sensitive resources at another site."). I thereby find that the plaintiffs lack standing.

Because the court does not have Article III subject-matter jurisdiction, I do not reach the merits of the plaintiffs' claims.

### III.  CONCLUSION.

For the reasons discussed above, the plaintiffs' Motion for Summary Judgment, Dkt. No. 137, is DENIED. The defendants' Cross Motions for Summary Judgment, Dkt. Nos. 143 and 146, are GRANTED. A separate judgment will be entered dismissing the case without prejudice.

ENTER:  December 3, 2025

/s/  JAMES P. JONES
Senior United States District Judge