# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| THE CLINCH COALITION, *et al.*, | ) Case No. 2:21-cv-0003-JPJ-PMS |
| Plaintiffs, | ) |
| v. | ) |
| UNITED STATES FOREST SERVICE, *et al.*, | ) |
| Federal Defendants, | ) |
| and | ) |
| AMERICAN LOGGERS COUNCIL, *et al.* | ) |
| Intervenor Defendants. | ) |

**Federal Defendants' Response in Opposition
to Plaintiffs' Motion to Alter or Amend Judgment [Dkt. 166]**

## I.     INTRODUCTION

This case is about three categorical exclusions (CEs) the Forest Service promulgated in November 2020. The three CEs streamline environmental review procedures required under the National Environmental Policy Act (NEPA) for certain actions related to special uses of Forest Service lands, certain road construction and realignment projects, and specific forest restoration projects. After summary judgment briefing and oral argument, the Court entered a well-reasoned Opinion and Order that denied Plaintiffs' motion for summary judgment, granted Federal Defendants' and Intervenor Defendants' motions for summary judgment, and dismissed the case without prejudice. Dkt. 163.

Plaintiffs are dissatisfied with the Court's ruling and seek reconsideration under Rule 59(e). Pls.' Mot. to Alter, Dkt. 166; Br. in Supp. of Pls.' Mot. to Alter, Dkt. 166-1 (Pls.' Br.). Plaintiffs allege the Court's opinion is clearly erroneous and results in manifest injustice. But Plaintiffs merely rehash arguments already made, raise new arguments that could have been made but were not, present issues not germane to the Court's analysis or findings, and simply disagree with how the Court applied binding precedent and explained its decision. But these are issues to be raised, if at all, on appeal, not in a motion for reconsideration under Rule 59(e). The Court should deny Plaintiffs' motion because none of their arguments establishes any basis for the extraordinary remedy of reconsideration under Rule 59(e).

## II.     LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure provides that a court may alter or amend a judgment if the movant shows either: (1) an intervening change in the controlling law; (2) new evidence that was unavailable at trial; or (3) that there has been a clear error of law or manifest injustice. *Ingle ex rel. Est. of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006).

Plaintiffs bring their motion only under the third prong, alleging the Court's order is "clearly erroneous and a manifest injustice." Pls.' Br. at 1. Mere disagreement with how a Court applied a legal standard does not satisfy the clearly erroneous standard for a Rule 59(e) motion. *Hutchison v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). And strategic decisions by counsel "cannot be classified as manifestly unjust" for purposes of Rule 59(e). *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 409 (4th Cir. 2010).

Rule 59(e) "permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation and quotation omitted). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*; *Russell v. N. Mgmt. Servs., Inc.*, Case No. 7:19-cv-00280, 2021 WL 37490, at *1 (W.D. Va. Jan. 5, 2021) (holding a litigant's "efforts to relitigate its case do not constitute a proper use of Rule 59(e)."). Rule 59(e) "is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n of Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012).

### III.   ARGUMENT

**A.   The Court correctly found this action is not ripe for review.**

The Court dismissed the case because Plaintiffs' claims were not ripe for review. Dkt. 163 at 5-7. Contrary to Plaintiffs' arguments, this finding is not clearly erroneous and does not result in manifest injustice.

Plaintiffs primarily argue the Court did not consider the United States Department of Agriculture's (USDA) revised NEPA regulations and misapplied the ripeness holding from *Wild*

*Virginia v. Council on Environmental Quality*, 56 F.4th 281 (4th Cir. 2022); Pls.' Br. 6-9. USDA revised its NEPA regulations after briefing cross-motions for summary judgment but before the August 11 oral argument. Both parties told the Court of the change, Dkts. 154 and 155, and Federal Defendants provided a side-by-side comparison of the prior and revised regulations. Dkt. 154 (table). The parties had ample opportunity to discuss – and did discuss – the revised regulations at oral argument. *See, e.g.*, Tr. at 59:13-23. And nothing in the Opinion and Order was clearly erroneous.

To begin, the revised regulations are irrelevant to this action because courts apply the regulations in effect at the time of the agency's decision. *South Carolina Coastal Conservation League v. U.S. Army Corps of Eng'rs*, 127 F.4th 457, 462 n.2 (4th Cir. 2025). Defendants cited this case at oral argument. Tr. at 59:22-23. The Court correctly applied *Wild Virginia* to the regulations in effect when the Forest Service promulgated the three CEs in 2020 and did not need to consider how the regulatory landscape has changed since. Additionally, mere disagreement with how a Court applied a legal standard does not satisfy the "clearly erroneous" standard for a Rule 59(e) motion. *Hutchison*, 994 F.2d at 1081.

Second, Plaintiffs either misinterpret or misrepresent how USDA's revised NEPA regulations apply to the three CEs challenged here. All of them are found under 7 C.F.R. § 1b.4(d). 7 C.F.R. §§ 1b.4(d)(28) (special use CE), 1b.4(d)(46) (road CE), 1b.4(d)(47) (resilience CE); *see* Dkt. 154 (table, showing rescinded and revised regulations). Categorical exclusions issued under section 1b.4(d) still all require final NEPA documentation, which is now called a "finding of applicability and no extraordinary circumstance" instead of a "decision memo." 7 C.F.R. § 1b.4(d) ("The following categorical exclusions require NEPA documentation, which will be completed as set forth at § 1b.3(g)."); *see id.* § 1b.3(g) (describing contents of a finding

of applicability and no extraordinary circumstance); *see also* 36 C.F.R. § 220.6(e) (prior regulation that required a case file and decision memo). The name has changed from a "decision memo" to a "finding of applicability and no extraordinary circumstance," but the Forest Service will still issue a final document before it applies the special use CE, road CE, or resilience CE to authorize a site-specific action.

      Plaintiffs say "no additional steps remain," and assert this case is their "last chance to bring their claims and prevent harm." Pls. Br. 6, 7. But they cite 7 C.F.R. § 1b.3, Pls.' Br. 8, which contains the general provisions for categorical exclusions and includes those that explicitly do not require NEPA documentation. 7 C.F.R. § 1b.4(c) ("The following categorical exclusions do not require NEPA documentation."). Plaintiffs' assertion that implementation of an action authorized under one of the three CEs can begin after only an internal finding is wrong. Pls.' Br. 8 (citing 7 C.F.R. § 1b.3(j)). That regulation distinguishes between CEs that require documentation (section 1b.4(d)) and those that do not (section 1b.4(c)). 7 C.F.R. § 1b.3(j).[1] The three CEs in this case all require documentation. 7 C.F.R. §§ 1b.4(d)(28), (46), (47).

      Though there now are fewer internal steps, *see* Dkt. 154 (table), the Court correctly found that Plaintiffs' claims are not ripe because "the CEs at issue are merely one step closer to the site-specific actions courts have found to be ripe for review." Dkt. 163 at 7. Plaintiffs' misunderstanding of the revised regulations does not establish the "clear error of law" required to

---

[1] Section 1b.3(j) is for the "timing of action" and provides "*[o]nce the responsible official has signed the documentation* for the finding of applicability and no extraordinary circumstance, and unless other statutes or regulations require otherwise, the USDA subcomponent or applicant may begin implementing the action. *When NEPA documentation is not required* for a categorical exclusion, once the responsible official has determined one or more categorical exclusions applies to a proposed action and no extraordinary circumstance exists and has completed any other necessary environmental review documentation, and unless other statutes or regulations require otherwise, the USDA subcomponent or applicant may begin implementing the action." (emphasis added).

invoke Rule 59(e)'s extraordinary remedy. Instead, Plaintiffs are merely attempting to relitigate an issue the Opinion and Order considered and properly decided against them. If Plaintiffs disagree with the Opinion and Order, the appropriate avenue for relief is appeal, not a Rule 59(e) motion.

**B.      The Court correctly found that Plaintiffs' alleged injuries are not imminent.**

As an alternative basis to dismiss the case, the Court found that Plaintiffs lacked standing because they failed to show that their alleged injuries were imminent. Dkt. 163 at 7-8. Contrary to Plaintiffs' claims, this finding is not clearly erroneous and does not result in manifest injustice.

First, Plaintiffs claim the Court did not consider their present injuries because the Court's opinion did not discuss *Republican National Committee v. North Carolina State Board of Elections*. Pls.' Br. 10-11 (citing 120 F.4th 390 (4th Cir. 2024)). But the Court acknowledged Plaintiffs' allegation of present injury based on diversion of resources and harm to their core missions. Dkt. 163 at 7. And the Court found that Plaintiffs "fail to tie the contested CEs to any site-specific application that would affect their interests [and] the plaintiffs concede that the potential harm the CEs may cause are site specific." *Id.* at 8; *see* Dkt. 144 at 28 (Federal Defendants' brief distinguishing *Republican National Committee* as "inapt because those plaintiffs had shown they had expended significant resources to challenge the concrete and particular decision by the State Board of Elections….").

While Plaintiffs may desire a detailed discussion of *Republican National Committee*, they have not identified clear error because a court need not "specifically cite or otherwise discuss each contention advanced by the parties" when disposing of a motion. *Malbon v. Penn. Millers Mut. Ins. Co.*, 636 F.2d 936, 939 n.8 (4th Cir. 1980); *Platt v. Mansfield*, -- F.4th -- , 2025 WL 3703412, at *13 (4th Cir. 2025) ("District courts are not required to mechanically check off each

*Fed. Defs.' Resp.*                                                                                                                  5

argument or piece of evidence advanced by a party…And when a district court does not address a particular point, we should not default to the assumption that it ignored the argument.") (cleaned up) (Quattlebaum, concurring). Moreover, while Plaintiffs' claim *Republican National Committee* is "binding precedent," Pls.' Br. 10, it is readily distinguishable. *Republican National Committee* involved a state law constitutional claim stemming from alleged noncompliance with the Help America Vote Act. 120 F.4th at 394. The statute at issue here is NEPA, and the Court applied binding precedent about standing in NEPA cases when it relied on *Summers v. Earth Island Institute*. Dkt. 163 at 7-8 (citing 555 U.S. 488 (2009)).

Second, Plaintiffs claim the Court did not address their allegations of future injuries. Pls.' Br. 11-16. Plaintiffs say their declarants named four projects that *might* have been eligible under one of the CEs, but these allegations were speculative injuries and not imminent even when the Complaint was filed. *Id.* at 12 (admitting the projects "were under development and would have been eligible for coverage…."). Plaintiffs identified no projects where the Forest Service planned to use any of the challenged CEs. Plaintiffs again refer to unfounded claim of a litigation "hold" as a basis for reconsideration of lack of standing. *Id.* at 3, 13-14. But as Plaintiffs themselves said about the "hold" at oral argument, "as a matter of law it's not relevant…if they're relevant to jurisdiction at all, they're relevant to the mootness doctrine." Tr. at 8:3-9. The Court's decision is based on ripeness and standing, not mootness. And the Court's decision does not address the "hold" at all, so it is especially irrelevant as a basis for reconsideration.

Additionally, as discussed in Federal Defendants' briefs and at oral argument, Plaintiffs' belief in a "hold" is premised on a heavily edited Freedom of Information Act document that shows three of the projects in the document were authorized under the Rule and one was cancelled. Dkt. 144 at 22-25; Dkt. 149 at 9; Tr. at 53:21-25. Plaintiffs falsely state that

*Fed. Defs.' Resp.*     6

"documents before the Court…showed that the Forest Service was holding back the use of its CEs while this case was pending…." Pls.' Br. 13. Federal Defendants provided a chart at oral argument that showed the three CEs are in use across the nation, including in the Forest Service's Southern Region. Tr. at 55:2-10. Plaintiffs' decision to litigate in this judicial district where the only forests in this judicial district (the George Washington and Jefferson National Forests) have not used one of the new CEs is a litigation decision by counsel and "cannot be classified as manifestly unjust…" for purposes of Rule 59(e). *Robinson*, 599 F.3d at 409; *see* Tr. at 58:1-5 (Defendants' counsel stating Plaintiffs "would have to show that that project was authorized in this judicial district. The far better course would be for this Court to dismiss this action, and then they could bring those claims in Georgia or North Carolina or wherever one of these projects is authorized.").

Third, Plaintiffs claim the Court did not consider their allegations of imminent specific harm to their general interests to the landscape or broad areas of National Forests. Pls.' Br. 14-15. This is a new argument that was not presented in their summary judgment briefs or oral argument. Their summary judgment briefs cite none of the cases cited in their brief for reconsideration in this context,[2] and a discussion of standing based on "landscape" or "broad area" is not present in either their summary judgment brief or the oral argument transcript. *See* Dkts. 138, 148, 162. Rule 59(e) motions may not be used to raise new arguments or present novel legal theories. *Pac. Ins. Co.*, 148 F.3d at 403. Moreover, to establish standing, Plaintiffs

---

[2] Plaintiffs did not previously cite the two out-of-circuit cases at all. *Compare* Pls.' Br. at 14 (citing *Ctr. for Biological Diversity v. Env't Prot. Agency*, 56 F.4th 55, 68 (D.C. Cir. 2022) and *Sierra Forest Legacy v. Sherman*, 646 F.3d 1161, 1178-79 (9th Cir. 2011) (Fisher, J., separate opinion)) *with* Dkts. 138 and 148 (Plaintiffs' summary judgment briefs). Only *Friends of the Earth v. Laidlaw* was cited previously, but just once in a general statement of standing, not a developed argument about landscape-level injury. *See* Dkt. 138 at 17 (citing 528 U.S. 167, 180-81 (2000)).

*Fed. Defs.' Resp.*                                                                                          7

must do more than simply allege that one of the CEs could (or even would) be used on a National Forest; they must show that a CE would be used in a specific manner that harms their alleged interests. *Wild Virginia*, 56 F.4th at n.4 ("Anticipated future injury can support standing, but only when it is 'certainly impending' or at least poses a 'substantial risk' – it must not be 'too speculative' or rely on a highly attenuated chain of possibilities.") (citations, quotations, and alterations omitted).

In sum, the Court correctly found that Plaintiffs did not meet their burden to show their alleged injuries were imminent. Plaintiffs' arguments to the contrary are wrong and reflect a last-ditch attempt to relitigate issues that the Opinion and Order already correctly decided or to improperly raise meritless issues for the first time. That is not the role of Rule 59(e). Plaintiffs have not met their burden to show the Court's finding on standing should be reconsidered under Rule 59(e).

### IV.    CONCLUSION

For all these reasons, the Court should find that Plaintiffs have not met their burden to show clear error or manifest injustice. The Court should deny Plaintiffs' motion to alter or amend the judgment.

Respectfully submitted on this 13th day of January, 2026.

        ADAM R.F. GUSTAFSON
        Principal Deputy Assistant Attorney General
        Environment and Natural Resources Division
        United States Department of Justice

        */s/   John P. Tustin*
        JOHN P. TUSTIN (Texas Bar No. 24056458)
        Senior Attorney
        Natural Resources Section
        P.O. Box 7611

Washington, D.C. 20044-7611
Phone:   (202) 305-3022
Fax:       (202) 305-0506
john.tustin@usdoj.gov

ROBERT N. TRACCI
Acting United States Attorney

KRISTA CONSIGLIO FRITH
Assistant United States Attorney
Virginia State Bar No. 89088
P. O. Box 1709
Roanoke, VA  24008-1709
Phone:   (540) 857-2250
Fax:       (540) 857-2283
krista.frith@usdoj.gov