Case 2:21-cv-00003-JPJ-PMS   Document 171   Filed 02/23/26   Page 1 of 6
                                Pageid#: 3509

CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED

February 23, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| THE CLINCH COALITION, ET AL., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES FOREST ) <br> SERVICE, ET AL., ) <br> ) <br> Federal Defendants, ) <br> ) <br> and ) <br> ) <br> AMERICAN LOGGERS COUNCIL, ET ) <br> AL., ) <br> ) <br> Intervenor Defendants. ) | Case No. 2:21CV00003 <br><br> OPINION AND ORDER <br><br> JUDGE JAMES P. JONES |

*Sam Evans, Abigail M. Hunt, and Kristin Davis,* SOUTHERN ENVIRONMENTAL LAW CENTER, *Asheville, North Carolina and Charlottesville, Virginia, for Plaintiffs; Adam R. F. Gustafson, John P. Tustin, and Krista Consiglio Frith,* UNITED STATES DEPARTMENT OF JUSTICE, *Washington, DC and Roanoke, Virginia, for Federal Defendants; Jay C. Johnson,* VENABLE LLP, *Washington, DC, and Sara Ghafouri,* AMERICAN FOREST RESOURCE COUNCIL, *Portland, Oregon, for Intervenor Defendants.*

This previously decided case involved a challenge under the Administrative Procedure Act (APA) to a Final Rule promulgated by the United States Forest Service (Forest Service). The plaintiffs, various conservation entities, have now moved to alter or amend this court's ruling from December 3, 2025, dismissing their claims on justiciability grounds. For the reasons stated below, the motion will be denied.

I.

In 2020, the Forest Service issued a Final Rule categorically excluding certain types of logging, roadbuilding, and special use projects from National Environmental Policy Act (NEPA) review. The plaintiffs filed suit the following year under the APA, arguing that the Final Rule was improperly adopted. After the parties filed cross motions for summary judgment, I denied the plaintiffs' motion, granted the defendants' motions,[1] and dismissed the case without prejudice on the grounds that the plaintiffs lacked standing and that their claims were unripe. *Clinch Coal. v. United States Forest Serv.*, No. 2:21CV00003, 2025 WL 3473302 (W.D. Va. Dec. 3, 2025) (Opinion and Order). The plaintiffs now move to reconsider the court's judgment. The parties have fully briefed the motion, and it is ripe for review.

II.

Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment within 28 days after entry of the judgment. As the Supreme Court has explained, "federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision *on the merits*." *White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445, 451 (1982) (emphasis added). "A Rule 59(e) motion need not be granted unless the district court finds that there

---

[1] For the present purposes, I refer to the federal defendants and intervenor defendants as defendants, collectively.

has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Nicholson v. Durant*, 162 F.4th 417, 422 (4th Cir. 2025) (internal quotation marks and citation omitted). Moreover, "mere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Granting a Rule 59(e) motion "is an extraordinary remedy that should be applied sparingly." Mayfield v. *Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012).

### III.

*A. Ripeness.*

Whether an issue is ripe for review requires consideration of "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). The Opinion and Order found the plaintiffs' claims to be unripe on the grounds that several steps remained before a categorically excluded (CE) project allowed by the Rule caused actual harm. The plaintiffs now argue that "there are no remaining project-level steps that would give Plaintiffs the opportunity to learn about, influence, or challenge those future projects." Pls.' Reply 3, Dkt. No. 170. While the defendants agree that "fewer internal steps" remain through the modified NEPA regulations, they note that the

regulation governing the contested CEs do require documentation beyond an internal finding. Defs.' Resp. Opp'n 5, Dkt. No. 168; 7 C.F.R. §§ 1b.4(d) (28), (46), (47). Accordingly, I do not find that the plaintiffs will suffer undue hardship until the effects of the CEs are "felt in a concrete way." *Abbott Lab'y*, 387 U.S. at 149.

B. *Standing.*

Even if the claims alleged are ripe, the plaintiffs must still have standing to sue. I need not rehash this court's prior analysis regarding the imminence of the plaintiffs' asserted future injuries. However, the plaintiffs now assert that the Opinion and Order did not analyze the alleged injuries they are presently facing, namely the "significant resources" they have devoted to monitoring Forest Service activity through submitting, reviewing, and litigating FOIA requests. Pls.' Reply 7, Dkt. No. 170.

As the Supreme Court has clearly articulated, "an organization that has not suffered a concrete injury caused by a defendant's action cannot spend its way into standing simply by expending money to gather information and advocate against the defendant's action." *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 394 (2024). Notwithstanding, the plaintiffs argue that *Republican National Committee v. North Carolina State Board of Elections* (RNC) is dispositive here. 120 F.4th 390 (4th Cir. 2024). There, the Fourth Circuit distinguished organizational plaintiffs who spend their way into standing from those who are "forced" to "divert resources . . . in

4

response to a threat to the organization's core mission." *Id.* at 396–97. As the plaintiffs note, standing is a fact-specific inquiry. *Allen v. Wright*, 468 U.S. 737, 752 (1984), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014). And I find *RNC* to be factually distinguishable from the instant case.

The plaintiffs in *RNC* expended considerable resources in response to a specific decision by the State Board of Elections that declined to strike voters whose registrations were allegedly improper under the Help America Vote Act. In the instant case, the plaintiffs declare that the resources they have expended through FOIA requests were "necessary to perform their core missions." Br. Supp. Pls.' Mot. to Alter 10, Dkt. No. 166-1. But they fail to establish why the prior NEPA procedures and FOIA processes are the only mechanisms through which they could obtain project-specific information. *Wild Virginia v. Council on Env't Quality*, 56 F.4th 281, 301 (4th Cir. 2022) ("Plaintiffs may fear that they will not receive the information in question, but they cannot create standing in advance by altering their behavior in reaction to that fear—here, by filing FOIA requests for information they may well still receive through the NEPA process."). I decline to find that the plaintiffs have suffered concrete harm, either present or imminent, to establish standing. And in any event, the plaintiffs have not presented the types of challenges that would warrant the grant of a remedy as extraordinary as a Rule 59(e) motion.

5

IV.

For the reasons discussed above, the Plaintiffs' Motion to Alter or Amend the Judgment, Dkt. No. 166, is DENIED.

It is so **ORDERED**.

ENTER: February 23, 2026

/s/  JAMES P. JONES
Senior United States District Judge